**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**CONTRA COSTA COUNTY WATER
DISTRICT, Defendant-Appellant.**

**No. 81–4095.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 16, 1982.

Decided May 24, 1982.

Jeffrey D. Polisner, Walnut Creek, Cal., for defendant-appellant.

Charles M. O'Connor, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

States Chamber of Commerce); S.Rep.No.91– 617, 91st Cong., 1st Sess. 77 (1969).

Before GOODWIN and POOLE, Circuit Judges, and DAVID W. WILLIAMS,* District Judge.

DAVID W. WILLIAMS, District Judge:

The United States owns the Contra Costa Canal System (Canal) and by reason of a contract with the Contra Costa Water District (District) supplied the latter with its water needs. Article 5(d)(1) of the contract compels the District to pay the United States for canal operation and maintenance costs. Hanford, an adjoining land owner to the canal, performed work on his land that imperiled the strength of the canal, and under emergency conditions the Bureau of Reclamation built a 600′ retaining wall to prevent partial collapse of the bank. The total cost was $116,558.08. The government made a demand upon the District to pay a portion of this cost upon the theory that the retaining wall constituted normal and necessary maintenance to permit continued use of the canal. The District refused payment, contending that the wall was a capital improvement and not ordinary maintenance. This suit followed.

In 1972, the United States sued Hanford for the cost of the wall in a separate action which was eventually settled for $75,000.[1] Hanford paid the United States $30,000 and received an offset in the amount of $45,000 for diminution of the value of his property.

In the suit against the District the United States credited the defendant with the $30,000 it received from Hanford and sought to recover the balance of $71,236.79 plus interest. Each side filed motions for summary judgment and the trial judge granted judgment in favor of the United States, concluding that the contract was unambiguous on the subject of the District's liability for repairs and maintenance and that the work done was reasonably necessary for the canal's continued use.

On this appeal, appellant raises as issues:

(1) Whether the nature of the work was such as called for a fact determina-
tion upon trial of the disputed issue of contract interpretation, and

(2) Whether the Court should have taken judicial notice of the settlement between the government and Hanford and allowed appellant a credit of the full $75,000 instead of only $30,000.

## I. Summary Judgment

It is well established that summary judgment can be granted only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.Rules of Civ.Proc. Rule 56(c); *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962); *SEC v. Murphy,* 626 F.2d 633, 640 (9th Cir. 1980); *Vickery v. Fisher Governor Co.,* 417 F.2d 466, 468 (9th Cir. 1969).

We must determine in viewing the evidence in a light most favorable to appellant whether there is a genuine issue of material fact, and, if not, whether the movant is entitled to summary judgment as a matter of law. *Dosier v. Miami Valley Broadcasting Corp.,* 656 F.2d 1295, 1300 (9th Cir. 1981); *Vickery v. Fisher Governor Co.,* 417 F.2d at 468.

In the interpretation of a contract, it is a question of law whether the contract language is ambiguous. *United States v. Sacramento Municipal Utility District,* 652 F.2d 1341, 1343–44 (9th Cir. 1981); *Golden Gate Bridge & Highway District v. United States,* 125 F.2d 872, 875 (9th Cir.) cert. denied, 316 U.S. 700, 62 S.Ct. 1298, 86 L.Ed. 1769 (1942). Summary judgment is appropriate only if the contract is unambiguous. *Castaneda v. Dura-Vent Corp.,* 648 F.2d 612, 619 (9th Cir. 1981).

In *Nampa & Meridian Irrigation District v. Bond,* 268 U.S. 50, 53–54, 45 S.Ct. 383, 384, 69 L.Ed. 843 (1925), the Supreme Court stated:

---

* Honorable David W. Williams, United States District Judge, Central District of California, sitting by designation.

1. *United States v. Hanford,* Civil No. C 72–246 SC.

[E]xpenditures made to maintain [the irrigation system] as an efficient going concern and to operate it effectively to the end for which it was designed, are, at least generally, maintenance and operating expenses. The expenditure in question was not for extensions to new lands or for changes in or additions to the system, ... but was for the purpose of overcoming injurious consequences arising from the normal and ordinary operation of the completed plant which, so far as appears, was itself well constructed.

The expense in constructing the retaining wall here was of the type found in *Nampa, supra.* It added nothing to the system, but made the canal whole again, and permitted it to operate as originally designed.

Similarly, in *United States v. Fort Belknap Irrigation District,* 197 F.Supp. 812 (D.Mont.1961), it was held that expenditures necessary to replace faulty original construction or to increase the system's capacity are chargeable to "construction" costs. However, where the "irrigation system is completed and expenditures are required 'to remedy conditions brought about by the *use* of the system * * * to maintain it, ...' ... [such expenditures] are chargeable to 'operation and maintenance.'" *Id.* at 819.

The District Court found that the expense of the retaining wall was a maintenance cost. This result follows the holding in *Nampa, supra.* Since the issue of the District's liability was one of law, and there were no material factual issues with respect to the District's liability, summary judgment in favor of United States was proper.

## II. *Amount of Liability*

██ Next, appellant contends that it should have been given credit for the full $75,000 which was the negotiated figure in the Hanford settlement. Against this, the appellee argues that Rule 408 of the Federal Rules of Evidence precludes use of settlement negotiations for this purpose. The rule states that settlement negotiations are "not admissible to prove liability for or invalidity of the claim or its amount."

The Advisory Committee's Note following Rule 408 provides two principles underlying the rule. The first is that the evidence is irrelevant as being motivated by a desire for peace rather than from a concession of the merits of the claim.[2] Second, is in promotion of the public policy favoring the compromise and settlement of disputes.[3] By preventing settlement negotiations from being admitted as evidence, full and open disclosure is encouraged, thereby furthering the policy toward settlement. Here, we give additional importance to the fact that appellant was not a party to the Hanford litigation or the settlement conferences.[4]

Weinstein & Berger, *Weinstein's Evidence* § 408[1] (1981), and Wright & Graham, *Federal Practice and Procedure*: Evidence § 5302 (1980), both agree that the public policy favoring out-of-court settlement necessitates the inadmissibility of negotiations in order to foster frank discussion.

No recent decisions of this Court are to be found dealing with this point. In *Factor v. Commissioner,* 281 F.2d 100, 125 (9th Cir. 1960), *cert. denied,* 364 U.S. 933, 81 S.Ct. 380, 5 L.Ed.2d 365 (1961), this Court concurred with the general rule of inadmissibility. We hold that Rule 408 prevents the use of the *Hanford* settlement in this case.

The judgment of the District Court is AFFIRMED.

---

2. *See Sternberger v. United States,* 401 F.2d 1012, 1018 (Ct.Cl.1968).

3. *See Perzinski v. Chevron Chemical Co.,* 503 F.2d 654, 658 (7th Cir. 1974).

4. Originally, appellant was a named party in the Hanford litigation but was dismissed out on its motion.