UNITED STATES, PLAINTIFF *v.* KINGSHEAD CORP., DEFENDANT

Court No. 82-08-01145

(Decided August 7, 1989)

Stuart E. Schiffer, Acting Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Elizabeth C. Seastrum); United States Customs Service, Assistant Regional Counsel (Margaret Solinger), for plaintiff.

Windels, Marx, Davies & Ives (Jonathon R. Moore) for defendant.

DiCARLO, *Judge:* The United States moves for partial summary judgment pursuant to Rule 56 of the Rules of this Court in this action under 19 U.S.C. § 1592 to enforce penalties and collect customs duties on 71 entries of scissors imported from Italy. Kingshead Corp. also moves for summary judgment, claiming that a consent judgment entered on two other entries seized by the United States Customs Service bars the government's right to recover penalties on the 71 entries.

The Court finds no material issues of fact in dispute, and that the government is entitled to judgment as a matter of law. The government's motion for partial summary judgment is granted, and Kingshead's cross motion for summary judgment is denied.

BACKGROUND

Customs seized one entry of Kingshead's merchandise upon discovery of allegedly false invoices and entry papers. This seizure led to the investigation of 72 other entries, one of which Customs also seized. The government initiated a forfeiture action in the United States District Court for the District of New Jersey against collateral posted by Kingshead for the two seized entries. *United States v. $10,500 and a Letter of Credit in the Amount of $15,492,* No. 78-672 (D.N.J. Jan. 25, 1979). That action concluded with the entry of a consent judgment which provided for payment by Kingshead of $12,800.

Pursuant to 19 U.S.C. § 1592, which provides for penalties against importation of merchandise by fraud, gross negligence, and negligence, Customs demanded that Kingshead pay a penalty on the 71 entries that had not been seized. Kingshead argued that the consent judgment released it from any and all liabilities concerning these entries, and thus barred Customs from seeking further penalties. The government instituted this action upon Kingshead's refusal to pay the penalty.

In *United States v. Kingshead Corp.,* 11 CIT 2, Slip Op. 87-2 (Jan. 7, 1987), the court denied the parties' cross motions for summary judgment because material issues of fact existed as to the intent of

the parties at the time the consent judgment was entered, and as to the meaning of the word "claims" as used in the consent judgment and as understood by the parties. *Id.* at 6.

These motions for summary judgment involve the same issue as the previous motions: whether the terms of the consent judgment release all claims the government may have had against Kingshead as to all 73 entries, or only as to the two entries involved in the forfeiture action.

## DISCUSSION

Under Rule 56(d) of the Rules of this Court, summary judgment is appropriate if the court finds that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *United States* v. *Toshoku Am., Inc.,* nos. 88–1221, 88–1222, slip op. at 6 (Fed. Cir. June 30, 1989).

A consent judgment is in the nature of a contract and is to be construed as such, reading all of its provisions as a whole. *United States* v. *ITT Continental Baking Co.,* 420 U.S. 223, 236–37 (1974); *Hartley* v. *Mentor Corp.,* 869 F.2d 1469, 1472 (Fed. Cir. 1989); *Insurance Concepts, Inc.* v. *Western Life Ins. Co.,* 639 F.2d 1108, 1112 (5th Cir. 1981). Whether the provisions of a contract are clear and unambiguous is a question of law, and, if no ambiguity exists, summary judgment is appropriate. *United States* v. *Contra Costa County Water Dist.,* 678 F.2d 90, 91 (9th Cir. 1982); *Davis* v. *Chevy Chase Fin., Ltd.,* 667 F.2d 160, 169 (D.C. Cir. 1981).

The parties filed affidavits addressing the factual points raised by the court in the prior opinion. Both sides agree that all evidence that would be introduced at trial on this issue is now before the Court. The Court finds that, when read as a whole, the language of the consent judgment is unambiguous, and capable of only one reasonable interpretation.

In the preamble to the consent judgment, the parties state that they "have agreed to settle and compromise the above-entitled action in the sum of $12,000." No reference is made to any action other than the action captioned concerning the $10,500 and a letter of credit in the amount of $15,472, which Kingshead posted for release of the two seized entries.

The judgment then lists the terms for the settlement and compromise of the captioned action. First, Kingshead agrees to pay the United States $12,800 by certified check, in exchange for which the government agrees in paragraph three to return to Kingshead the defendant items, i.e., the cash and letter of credit. The second paragraph contains the disputed language:

> 2. Plaintiff [the United States] agrees to accept the sum of twelve thousand eight hundred dollars ($12,800.00) *in full settlement of any and all claims* which its agencies and their assigns may currently have against Kingshead Corp., its princi-

pals and employees including but not limited to defendant items, $10,500.00 and a letter of credit in the amount of $15,472.00, *arising out of the seizures alleged in the Complaint.* (emphasis added).

Kingshead contends that the language "in full settlement of any and all claims" bars claims that the government may have had as to the 71 entries that were not seized, and that the language in the intervening clause of paragraph 2—"including but not limited to the defendant items"—further supports its reading of the consent judgment as including the 71 other entries.

It is apparent that the language in paragraph two is modified by the final clause in the paragraph, which reads "arising out of the seizures alleged in the Complaint." Thus, this language covers only the two entries involved in the forfeiture action, as those were the only "seizures alleged in the Complaint."

This Court's interpretation of paragraph two is buttressed by language in the fourth and final paragraph:

> 4. Claimant Kingshead Corp. agrees to revise, release, acquit, and forever discharge the United States of America, its agents, and employees of and from all manner of action and actions, suits, debts, sums of money, controversies, damages, claims and demands which it ever had, now has, or which its assigns hereafter may have *by reason of any matter arising out of and from the seizure or storage of items named in the Complaint in the captioned case.*

(emphasis added).

The terms of the consent judgment clearly and unambiguously state that government action is precluded only as to the two entries involved in the forfeiture action, and not against the other 71 entries. When language in a contract is unambiguous, its scope is to be determined within its four corners rather than by reference to extrinsic evidence. *United States* v. *Armour & Co.,* 402 U.S. 673, 682 (1971).

### CONCLUSION

The Court finds that there are no material issues of fact in dispute and that the government is entitled to judgment as a matter of law. The government's motion for partial summary judgment is granted, and Kingshead's cross motion for summary judgment is denied.