983 F.2d 1076
 RICO Bus.Disp.Guide 8193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barry J. KRASNER, Plaintiff-Appellant,
v.
PROFESSIONALS PROTOTYPE I INSURANCE COMPANY LIMITED,
Defendant-Appellee.
 No. 91-55985.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 9, 1992.
Decided Jan. 13, 1993.
 
 Before POOLE, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Barry Krasner, a California attorney, appeals the district court's grant of summary judgment in favor of Professionals Prototype I Insurance Company, Ltd. ("Professionals") on his claims that Professionals had a duty to defend him as a defendant and cross-defendant in a civil RICO suit pursuant to the professional liability policy Professionals issued him. We affirm.
 
 
 3
 * Krasner was sued by Fireman's Fund Insurance Company and Allstate Insurance Company as one of many attorney defendants in a civil RICO case. Specifically, Fireman's Fund and Allstate alleged that a group of attorneys, administrative personnel and clients with interlocking interests, dubbed the "Alliance," colluded to infiltrate existing lawsuits and create new lawsuits to establish the Alliance attorneys as Cumis counsel[1] in order to defraud the insurance companies by submitting fraudulent billings.
 
 
 4
 Fireman's Fund and Allstate divided the Alliance members into different categories: Cumis attorneys, administrative personnel, plaintiffs' attorneys and cappers. Plaintiffs' attorneys represented complainants in infiltrated lawsuits and allegedly conducted those lawsuits so as to allow Cumis attorneys to maximize their fraudulent billings to the insurance companies. Krasner and his law partner, Alan Hersh, were categorized as plaintiffs' attorneys and allegedly submitted false invoices for legal services to the law office of Donald Sternberg for submission to the insurance companies. The funds received as a result were to be transferred to Krasner and Hersh to finance their representation of plaintiffs in other cases. It was further alleged that Cumis counsel in these cases gave Krasner and Hersh a copy of the complaint which was to be and subsequently was filed by Krasner and Hersh on behalf of the plaintiffs in the other cases and referred a case to Krasner and Hersh's firm in which the firm would serve as Cumis counsel. Fireman's Fund and Allstate sought a return of legal fees paid as well as treble damages in accordance with 18 U.S.C. § 1964(c).
 
 
 5
 Additionally, defendants B. George Dezes and Kathleen Phipps, named as Cumis attorneys in the suit brought by Fireman's Fund and Allstate, cross-complained against Krasner. Dezes alleged that Krasner was negligent, and both Dezes and Phipps sought indemnification and contribution from Krasner in the event they were found liable.
 
 
 6
 Krasner submitted the complaint and cross-complaints to Professionals, and Professionals refused to defend Krasner because it contended that the policy did not cover Krasner's alleged conduct and the damages sought were excluded from coverage. The professional liability policy issued by Professionals required it to pay "on behalf of the Insured all sums ... which the Insured shall become legally obligated to pay as Damages ... by reason of an act or omission in the rendering of Professional Services by the Insured.... "Professional Services" is defined under the policy as "[t]hose services rendered or that should have been rendered for others as a lawyer or a notary public." The policy specifically excluded from its definition of "Damages" civil or criminal fines, sanctions or penalties, or legal fees, costs and expenses, whether claimed by way of restitution of specific funds or forfeiture.
 
 
 7
 Krasner subsequently filed suit against Professionals in the United States District Court for the Central District of California, invoking diversity jurisdiction and seeking a declaratory judgment that Professionals had a duty to defend and indemnify him in the underlying suits. Krasner further argued that the professional liability policy was ambiguous because the damage exclusions were mentioned in the definitions section of the policy but not in the exclusions section.
 
 
 8
 The district court granted summary judgment in favor of Professionals regarding its duty to defend and indemnify Krasner in all of the underlying suits. The district court found that there was no coverage in the action brought by Fireman's Fund and Allstate because the action did not pertain to an act or omission in the rendering of professional services. The district court further held that Krasner was not entitled to coverage in the cross-complaints because the actions were essentially for fraud and deceit and not covered under the policy. Furthermore, the district court concluded that since neither Dezes nor Phipps were ever Krasner's clients, he could not be liable to them for rendering professional services.
 
 II
 
 9
 This court reviews the district court's grant of summary judgment de novo. Kruso v. International Telegraph & Telephone Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 499 U.S. 937 (1990).
 
 
 10
 While the duty to defend is broader than the duty to indemnify, Gray v. Zurich Insurance Co., 65 Cal.2d 263, 275-76 (1966), the insurer has no duty to defend the insured against a loss not potentially within the coverage of the policy. Dyer v. Northbrook Property & Casualty Insurance Co., 210 Cal.App.3d 1540, 1547 (Cal.Ct.App.1989). The burden is on the insured to prove that a claim is covered under the policy. Royal Globe Insurance Company v. Whitaker, 181 Cal.App.3d 532, 537 (Cal.Ct.App.1986).
 
 
 11
 When the fraudulent conduct of an attorney is involved, the attorney is not acting in his capacity as an attorney. See Blumberg v. Guarantee Insurance Company, 192 Cal.App.3d 1286, 1292-93 (Cal.Ct.App.1987). Furthermore, disputes that do not involve allegations of professional malpractice are not covered by professional liability policies. See Transamerican Insurance Company v. Sayble, 193 Cal.App.3d 1562, 1567 (Cal.Ct.App.1987).
 
 
 12
 Krasner was not sued by his clients or those in privity with them for any acts related to the practice of law but rather by third parties based on his allegedly intentional and fraudulent conduct.[2] Professional's policy clearly does not provide coverage for such conduct.
 
 
 13
 Nor is the policy ambiguous. Whether contract language is ambiguous is a question of law. U.S. v. Contra Costa County Water Dist., 678 F.2d 90, 91 (9th Cir.1982). The policy clearly states that "civil or criminal fines, sanctions or penalties" or "legal fees, costs and expenses ... retained or possessed by the insured, ... claimed by way of restitution of specific funds or forfeiture, financial loss or otherwise" are not covered under the policy. Therefore, restitution of legal fees, as well as treble damages under RICO, which are punitive in character, Southwest Marine, Inc. v. Triple A. Machine Shop, Inc., 720 F.Supp. 805, 810 (C.D.Cal.1989), are not covered.
 
 
 14
 Moreover, coverage for intentional and fraudulent conduct is prohibited by California Insurance Code sections 533 and 1668, respectively. Summary judgment was properly granted.
 
 
 15
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The term Cumis counsel comes from the seminal case, San Diego Navy Federal Credit Union v. Cumis Insurance Society, Inc., 162 Cal.App.3d 358 (Cal.Ct.App.1984), which held that where an insurer retained counsel to defend a third party lawsuit but reserved its right to assert noncoverage at a later date, a conflict of interest existed between the insurer and the insured, and thus, the insured has a right to independent counsel paid for by the insurer. Id. at 375
 
 
 [2]
 Although Dezes' cross-complaint includes a negligence claim against Krasner, this claim is based on the same allegedly fraudulent and intentional conduct which gives rise to all of the other claims against Krasner. The court is not bound by the nomenclature of a pleading but instead by its substance. See Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1365 (9th Cir.1991) (holding that a negligence claim did not trigger a duty to defend where the "factual core" of the allegations was based on intentional acts)