**Frank LO BOSCO, Plaintiff,**

v.

**KURE ENGINEERING LIMITED, et al., Defendants.**

**Civ. A. No. 93–2451.**

United States District Court, D. New Jersey.

July 11, 1995.

Steven M. Kramer, New York City, for plaintiff.

William F. Maderer, James H. Aibel, Michelle Viola, Paul Degiulio, Saiber, Schlesinger, Satz & Goldstein, Newark, NJ, for defendants.

## MEMORANDUM OPINION

WOLIN, District Judge.

This matter is opened before the Court upon the plaintiff's appeal of Magistrate Judge Pisano's ruling of November 3, 1994 granting defendant's *in limine* motion to admit certain letters from plaintiff to defendant into evidence over plaintiff's objections under Federal Rule of Evidence 408. This matter has been decided upon the written submissions of the parties pursuant to Federal Rule of Civil Procedure 78. For the reasons given below, the Court will vacate the decision of Judge Pisano. The Court will order that the letters are admissible under Rule 408, but only to the extent relevant under the "other purposes" exception to the Rule.

## BACKGROUND

The facts in this matter have been recently set forth in this Court's Opinion of this date addressing defendant's motion for summary judgment. They will be only briefly summarized here. This dispute arises from the ruins of a relationship between plaintiff Lo Bosco, defendant Luther Woo and defendant Mayling Woo. Lo Bosco is an attorney. Luther Woo is a wealthy businessman who controls defendant Kure Engineering Limited. Mayling is Luther's daughter. Lo Bosco alleges that Mayling and Luther Woo induced him to leave his job as an associate at the New Jersey law firm of Crummy, Del Deo, Dolan, Griffinger and Vecchione by fraudulent promises of employment and investment opportunity. It is alleged that, from January to September of 1990, Lo Bosco, Mayling and Luther Woo operated as an investor group pursuant to an agreement between them. Lo Bosco and Mayling contributed expertise and effort in searching for prospective corporate acquisition targets. Luther Woo was to provide the funds. In August 1990, Lo Bosco and Mayling were married.

In September of 1990, Lo Bosco alleges, Luther Woo breached their agreement when he refused to fund the purchase of a company Lo Bosco found and wished to purchase. In "mid–1991," Lo Bosco threatened to sue Luther and Mayling for breach of contract and for inducing him to leave Crummy, Del Deo. Plaintiff's Brief at 12. In June 1991, Mayling filed a petition for divorce.

It was at this point that the letters that form the subject of this motion were written. These handwritten documents are appended to the Affidavit of James H. Aibel submitted in opposition to this appeal. In emotional language, Lo Bosco sought a reconciliation with Mayling. He takes full responsibility for the falling out of the parties. He speaks in glowing terms of Luther Woo's and his

conduct throughout the affair. It requires little reading between the lines to understand that Lo Bosco is promising to abandon his contract and tort claims against his spouse and father-in-law. Thus, read generously, it constitutes an offer to drop the lawsuit if it will effect a reconciliation of the couple.

In fact, there was a reconciliation that lasted about three months. However, in June of 1992, the Circuit Court of Cook County, State of Illinois awarded Mayling a judgment of dissolution of the marriage. Lo Bosco successfully contended that the court lack personal jurisdiction over him, and so the judgment was entered in default. In June of 1993, plaintiff filed the complaint in this action.

In the *in limine* motion before Judge Pisano, defendant sought a ruling that the letters were admissible as admissions of a party. Plaintiff argued that they were covered by the marital communication privilege, and by Federal Rule of Evidence 408 that protects statements made to effect a settlement of a claim. The Rule 408 argument was premised on the theory that the letters were an attempt to compromise the impending divorce proceeding.

Judge Pisano ruled that the letters were not covered by the marital communication privilege, because they were within the exception to that rule for communications that relate to a dispute between the parties. Transcript of Hearing on October 26, 1994 before Judge Pisano ("Tr.") at 39. Judge Pisano found that Lo Bosco's allegations of fraud had put Mayling's intentions, his own state of mind and the reasonableness of his reliance into issue. Tr. at 34, 38.

Then Judge Pisano turned to the argument under Rule 408. The Judge stated:

[T]he intention of the rule is to protect parties from having bona fide settlement communications held against them within the context of the matter which was the subject of the settlement conversations.... [I]t may very well be that these communications, if in fact one assumes that they were letters written with the intention of proposing a compromise or a settlement, that they may have been inadmissible for that reason within the context of

the divorce action. But they certainly are not inadmissible as offers of compromise within the context of this action....

[I]f indeed intended to be proposals for compromise or·settlement, ... these communications were clearly not made within the context of this dispute, the dispute that is embraced by this particular complaint.

Tr. at 40–41.

## DISCUSSION

 A magistrate's adjudication of a non-dispositive motion will be set aside only if the order is found to be clearly erroneous or contrary to law. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986), *cert. denied*, 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987) (citing 28 U.S.C. § 636(b)(1)(A)); *see also* Fed.R.Civ.P. 72(a); Rule 40 D(4) of the General Rules for the U.S.Dist.Ct. for the Dist. of N.J. ("the local rules"). This Court will determine that a finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).

 On the other hand, the phrase "contrary to law" indicates that this Court's review is plenary as to matters of law. *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir.1992). The issue raised by this appeal is whether the proffered evidence comes within the scope of Rule 408. As such, it is a matter of law and this Court will review the Magistrate's decision *de novo*.

Where, as here, the text of the governing rule does not provide a clear answer to the problem at hand, the Court must be sensitive to the purpose of the provision. Federal Rule of Evidence 408 is based on two policy considerations. The first is that a statement made in an attempt to compromise a claim may be less probative because the speaker's concern is to buy peace, rather than to speak the truth. A second, "more consistently impressive" rationale, is the obvious public policy interest in encouraging settlement of pri-

vate disputes. Fed.R.Civ.P. 408 Advisory Committee's Note.

The Court notes at the outset that Judge Pisano did not find as a fact that the communications were offers of settlement within the scope of Rule 408. On the contrary, he expressly assumed that they were offers of settlement for the purposes of the argument. Plaintiffs assertion to the contrary has no basis. In light of its decision to modify the Order below, however, this Court must reach this issue.

■ Obviously this is not the type of offer of settlement that this Court sees in the typical federal litigation. However, it appears undisputed that the letters were written in an attempt to induce Mayling to forego her action for divorce. The temporary reconciliation is persuasive evidence of this fact. Plaintiff's uncontradicted representations and ordinary human nature compel the conclusion that an admission of lack of validity of his economic claims against his spouse and father-in-law were a likely *quid pro quo* of any reconciliation. Therefore, this Court finds that the letters were an offer of compromise of the impending divorce action as contemplated by Rule 408.

A literal reading of Judge Pisano's decision suggests that his ruling was based on a narrow legal ground. As quoted above, the Judge implies that, as a matter of law, settlement proposals in one case may not be excluded in another under Rule 408. This Court finds that the proposition so stated is against the weight of legal authority on this issue.

The only relevant Third Circuit case that the Court's research has discovered is *Petruzzi's IGA Supermarkets, Inc. v. Darling–Delaware Co.*, 998 F.2d 1224, 1246–47 (3d Cir), *cert. denied,* —— U.S. ——, 114 S.Ct. 554, 126 L.Ed.2d 455 (1993). There, without extended discussion, the Court of Appeals upheld a district court ruling in an anti-trust case that evidence of settlement of prior anti-trust suits against the defendant was barred by Rule 408. In that case, however, defendant and the wrongdoing of which it stood accused in the earlier actions was the same as the case at bar. Here, the offer of settlement is proffered against a plaintiff raising a

different type of claim. Moreover, there were several alternative grounds for the decision. Thus, *Petruzzi's IGA* is not authoritative on the issue before the Court.

■ Nonetheless, in light of this case and decisions from other jurisdictions, the Court finds that, where cases are related, the better view is that Rule 408 may exclude settlement proposals in one from admission into evidence in the other. In the Fourth Circuit, the Court of Appeals considered an anti-trust action that was the latest in a series of lawsuits between former business partners. *Fiberglass Insulators, Inc. v. Dupuy,* 856 F.2d 652 (4th Cir.1988). The court held that settlement discussions in the prior suits were inadmissible in the case at bar. *Id.* at 655. The Court noted that the most recent suit was really a continuation of the feud between the parties to the prior action. *Id.* The Fourth Circuit found that the policy rationale of Rule 408 to promote uninhibited settlement negotiations mandated the exclusion of the discussions. *See also Williams v. Fermenta Animal Health Co.,* 984 F.2d 261, 264 (8th Cir.1993) (settlement of prior discrimination claim properly excluded in discrimination suit against corporate successor).

The same policy considerations have been invoked to exclude evidence of settlements with third parties arising out of the same incident that is the subject of the claim being litigated. *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.,* 792 F.2d 1036, 1042 (11th Cir.1986); *Branch v. Fidelity & Casualty Co. of N.Y.,* 783 F.2d 1289, 1294 (5th Cir.1986); *United States v. Contra Costa County Water Dist.,* 678 F.2d 90, 92 (9th Cir.1982). In this district, Judge Sarokin held that accepting payment from an insurer was not admissible to establish that a claim existed and that a different, subsequent insurer was not liable. *Fidelity & Deposit Co. of Md. v. Hudson United Bank,* 493 F.Supp. 434, 445 (D.N.J.1980), *rev'd on other grounds,* 653 F.2d 766 (3d Cir.1981); *see also Johnson v. Garden State Brickface & Stucco Co.,* 833 F.Supp. 524, 527 n. 1 (E.D.Pa.1993).

Other cases have held to the contrary, however. In a case that pre-dates its holding in *Williams,* the Eighth Circuit found

that evidence of a settlement offer was inadmissible only when offered to prove liability for or invalidity of the claim under negotiation. *Vulcan Hart Corp. v. N.L.R.B.*, 718 F.2d 269, 277 (8th Cir.1983). The Tenth Circuit has also read the Rule narrowly. *Broadcort Capital Corp. v. Summa Medical Corp.*, 972 F.2d 1183, 1194 (10th Cir.1992).

This Court finds that the line of cases exemplified by *Fiberglass Insulators* are persuasive. The policy behind Rule 408 may be so strongly implicated in some situations that the spirit of the rule would be violated by allowing evidence of settlement negotiations in a prior case to be admitted into evidence. The disincentive to engage in settlement negotiations may be no less real when there is a prospect that one's adversary may use them as evidence in later litigation. *Fiberglass Insulators*, 856 F.2d at 654; *Branch*, 783 F.2d at 1294. Identifying such a situation is necessarily a *sui generis* determination. However, where the same parties are involved, or the same set of facts give rise to the claim, it may weigh in favor of a determination that the cases are too closely related to permit a settlement proposal in one to be admitted in the other.

As noted, the Third Circuit has not addressed this issue directly. Consequently, it is not surprising if Judge Pisano did not consider the possibility that the divorce and the commercial disputes are so closely related that proposals of compromise in one might be inadmissible in the other. Nonetheless, the Court is convinced that this possibility should be weighed, and so the ruling below will be vacated.

■ This Court has stated its intention not to allow the acrimony of the divorce to infect the litigation of the business arrangements of the parties. Summary Judgment Opinion at 891 F.Supp. 1020 at 1035. The record presently before the Court indicates that the events concerning the alleged joint venture all precede the disintegration of the marriage. It is not clear how allegations of marital impropriety would be relevant to the contractual dispute between the parties. However, it would not be reasonable to ignore the likelihood that the disintegration of the marriage was at least in part propelled by the alleged breach of the agreement and plaintiff's threat of suit.

Moreover, an honest reading of the letters shows that the abandonment of his claims was intended by plaintiff as an inducement to reconciliation. Thus, the dual policies behind Rule 408, to encourage settlements of compromise and to recognize that an offer of compromise does not necessary constitute a valid admission as to the factual predicate of liability, are implicated here. Therefore, the Court must modify the decision below and hold that the letters are not admissible as an admission of plaintiff as to the factual predicate of his claim.

■ This does not mean, however, that the letters will not be admissible for some other purpose. The final sentence of Rule 408 provides that: "This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Judge Pisano recognized the pertinence of this provision as an alternative ground for his ruling.

> There is no question that the communications are relevant to the state of mind of Mr. Lo Bosco and the state of mind of Ms. Woo and that they could be offered for a purpose other than representing their proposals for compromise or settlement, namely, bias, prejudice or state of mind of both Mr. Lo Bosco and/or Ms. Woo and let us not forget that we are indeed concentrating, as we must in a fraud case, upon whether or not Mr. Lo Bosco relied to his detriment on any representations and communications.

Transcript at 41–42.

The Court finds Judge Pisano's application of the Rule 408 "other purposes" exception to this evidence to be entirely sound. Plaintiff argues that the that the purposes for which the letters might be relevant do not fall within the list of four examples given in the rule: bias, prejudice, or to negate undue delay or obstruction. Plaintiff's premise, that the list is exclusive, is so clearly false as to require no further comment. The Court

**1040**

notes as well that the examples of "other purposes" set out by Judge Pisano in his ruling is also not an exclusive list of reasons for which the letters might be offered.[1]

## CONCLUSION

For the foregoing reasons, Judge Pisano's ruling of October 26, 1994 will be modified. The letters are not admissible as admissions of liability or the lack of validity of plaintiff's claim. They will, however, be admissible for other purposes. As Judge Pisano noted below, other objections to the letters are preserved and may be raised at time of trial.

---

1. Of course, the admission of this evidence must be the subject of a careful limiting instruction. Counsel will provide the Court with a proposed instruction well in advance of proffering the letters as evidence at trial.