**ALLEN COUNTY, OHIO,
et al., Plaintiffs,**

v.

**REILLY INDUSTRIES and S.E. Johnson
Companies, Inc., Defendants.**

No. 3:99CV7262.

United States District Court,
N.D. Ohio,
Western Division.

Sept. 13, 2000.

John M. Leahy, Office of the Prosecuting Attorney Allen County, Lima, OH, Joseph M. Reidy, Samuels & Northrop, Columbus, OH, for plaintiff.

Scott A. Haselman, Robison, Curphey & O'Connell, Toledo, OH, Geoffrey J. Moul, Murray, Murphy, Moul & Basil, Columbus, OH, Joseph F. Murray, Murray, Murphy, Moul & Basil, Columbus, OH, Jack Zouhary, S.E. Johnson Companies, Maumee, OH, for defendant.

**ORDER**

CARR, District Judge.

This is a breach of contract and environmental contamination case in which Allen County (the County) contends, among other things, that Reilly Industries (Reilly) contaminated its drainage system. Pending is Reilly's motion to compel against the County. (Doc. 37). For the following reasons, Reilly's motion shall be denied.

**BACKGROUND**

In 1996, the County began constructing drainage improvements in response to a petition filed pursuant to O.R.C. § 6131. During construction, an independent constructor hired by the County to provide construction services, S.E. Johnson, discovered a hazardous substance (creosote) in the bottom of an open County drainage ditch. The County took measures to prevent the contaminated water from reaching the Ottawa River. The County also delayed the construction of drainage improvements due to the presence of contaminated soil.

The County subsequently filed suit against S.E. Johnson, Reilly, and Kohli & Kahlier (the County's engineering consulting firm) for damages incurred in mitigating these environmental hazards. The County contends that the creosote was washed into one of its

storm drains from a creosoting operation formerly owned by the Republic Creosoting Company, a predecessor of Reilly. The County also alleges that S.E. Johnson breached its contract with the County and that S.E. Johnson and Kohli & Kahlier improperly responded to the discovery of the creosote contamination and negligently spread it to uncontaminated areas. S.E. Johnson, in turn, filed a complaint against the County in state court, to which the County filed a counterclaim.

The County and Kohli & Kahlier reached a settlement memorialized in a written agreement. The other parties, however, failed to reach a settlement through mediation.

During discovery in this case, the County produced, among other things, the brief it submitted to the mediator and the final settlement agreement with Kohli & Kahlier. Reilly also deposed Jim Myer, a shareholder of Kohli & Kahlier and the design engineer for the project, and Brad Core and Douglas Degen, the County's drainage engineers.

In addition, Reilly requested the County to produce correspondence between counsel for the County and counsel for Kohli & Kahlier pertaining to their settlement negotiations (the settlement letters). These letters consist of each side's arguments to persuade the other side to settle.[1] The letters do not contain any statements from witnesses or the parties. The County refused to produce these documents, claiming that they are not relevant and that they are protected under a "settlement privilege."

## DISCUSSION

Reilly moves to compel the County to produce the settlement letters because they are 1) relevant to the issues in this case, 2) likely to lead to the discovery of admissible evidence, and 3) not subject to any privilege. I disagree.

Although the Sixth Circuit has not addressed whether the content of settlement negotiations are discoverable, the court in *Cook v. Yellow Freight System*, 132 F.R.D. 548 (E.D.Cal.1990), addressed the issue and declined to order production of such settlement discussions. In *Cook*, the court based its decision on the "well-established privilege relating to settlement discussions" set forth in Federal Rule of Evidence 408.[2]

> ... while it is true that Rule 408 is addressed to the inadmissibility of evidence at trial and generally pertinent to the inadmissibility of compromise material to prove damages or liability in the claim of origin, "the same consideration of the policy which actuates the courts to exclude an offer of compromise made by [the defendant to the plaintiff], also applies to settlement [negotiations between the defendant and a third party.]"

*Id.* at 554 (brackets in original) (citing McCormick on Evidence at 813).

Relying on the principles underlying Rule 408, the court in *Cook* denied discovery of settlement correspondence and concluded:

> ... the court finds that one consideration in precluding documents generated in the course of settlement discussions lies in the fact that such discussions are frequently not the product of truth seeking. Settlement negotiations are typically punctuated with numerous instances of puffing and posturing since they are "motivated by a desire for peace rather than from a concession of the merits of the claim." *United States v. Contra Costa County Water Dist.*, 678 F.2d 90, 92 (9th Cir.1982). What is stated as fact on the record could very well not be the sort of evidence which the parties would otherwise actually contend to be wholly true. That is, the parties may assume disputed facts to be true for the unique purposes of settlement negotiations. The discovery of these sort of "facts" would be highly misleading if allowed to be used for purposes other than settlement. *See Wyatt v. Security Inn*

---

1. The settlement letters were submitted in camera for the Court's review.

2. Rule 408 provides that:
   Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.

*Food & Beverage, Inc.,* 819 F.2d 69, 71 (4th Cir.1987).

*Id.*

The court in *Cook* further noted that "the fact that the documents requested pertain to settlement discussions and not to any finalized settlement belies the plaintiffs' assertion that the documents are relevant to the existence of bias ..." *Id.* This is because, the court reasoned, "the existence of unaccepted proposals alone do very little to establish bias and, at any rate, any marginal relevance is outweighed by the privileged nature of settlement discussion." *Id.* at 555.

The reasoning employed by the court in *Cook* directly applies here. An in camera review of the requested documents reveals that they were generated in the course of settlement discussions between counsel for the County and counsel for Kohli & Kahlier. The negotiations, like typical settlement negotiations, were "punctuated with numerous instances of puffing and posturing" and clearly were "motivated by a desire for peace rather than from a concession of the merits of the claim." As in *Cook,* the discovery of these sort of "facts" would be highly misleading.

Further, these documents are not relevant to the existence of a bias. The documents merely evidence the existence of unaccepted proposals, which would "do very little to establish bias." Moreover, the County already has produced the final settlement agreement between the County and Kohli & Kahlier. This agreement – and not the unaccepted proposals – would best satisfy Reilly's needs to the extent it seeks to establish a bias.

Accordingly, I shall deny Reilly's motion to compel the settlement letters. *See Cook,* 132 F.R.D. at 554–555; *Thornton v. Syracuse Savings Bank,* 961 F.2d 1042, 1046 (1992) (affirming district court's order denying discovery of settlement correspondence and communications and holding that "discovery with respect to a settlement agreement of an ongoing litigation ... is permissible only where the moving party 'lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive ...' ") (*citing Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co. of Chicago,* 834 F.2d 677, 684 (7th Cir.1987)).

## CONCLUSION

It is, therefore,

ORDERED THAT Reilly Industries' motion to compel is denied.

So ordered.