Robert A. BARCLAY, Plaintiff,

v.

AMTRAK, Defendant.

No. Civ.A.03–CV–2450.

United States District Court,
E.D. Pennsylvania.

Nov. 8, 2004.

Robert A. Barclay, Elkton, MD, pro se.

Thomas S. Bloom, Morgan, Lewis & Bockius LLP, Philadelphia, PA, for Defendant.

### MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

## I. Introduction

Pro se plaintiff Robert A. Barclay ("Barclay") filed a complaint against Amtrak on April 24, 2003, which, construed liberally, alleges: 1) disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1201 et seq., the Rehabilitation Act, 29 U.S.C. § 794 et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S.A. § 951 et seq.; 2) invasion of privacy; and 3) defamation. With respect to his disability discrimination claims, Barclay alleges that he was wrongfully terminated, subject to harassment, and that Amtrak failed to accommodate his disability. Amtrak has moved to dismiss Barclay's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

For the reasons that follow, I will grant Amtrak's motion in part and deny it in part. I will deny Amtrak's motion with respect to Barclay's ADA claim. However, I will dismiss Barclay's PHRA claim without prejudice with leave to amend his complaint, and dismiss with prejudice Barclay's Rehabilitation Act, invasion of privacy, and defamation claims.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. A court may dismiss a complaint only if it appears that the plaintiff "could prove no set of facts that would entitle him to relief." *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). A court must accept all of the plaintiff's allegations as true and attribute all reasonable inferences in his favor. *Id.*

Because Barclay "has filed his complaint pro se, [I] must liberally construe his pleadings, and ... apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d. Cir. 2003); *see also Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (holding pro se complaints to "less stringent standards than formal pleadings drafted by lawyers"). " 'Liberal construction' of pro se pleadings is merely an embellishment of the notice-pleading standard set forth in the Federal Rules of Civil Procedure." *Castro v. United States*, 540 U.S. 375, 124 S.Ct. 786, 794, 157 L.Ed.2d 778 (2003) (Scalia, J., concurring). "Courts are to construe complaints so as to do substantial justice, keeping in mind that pro se complaints in particular should be construed liberally." *Alston*, 363 F.3d at 234 (citation omitted.)

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.' " *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir.1997). In addition, a district court "may examine an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Rockefeller Center Properties, Inc. Securities Litigation*, 184 F.3d 280, 287 (3d Cir.1999).

In the instant case, plaintiff has made the following submissions: 1) a complaint, attached to which are his EEOC right to sue letter, his formal charge of discrimination filed with the EEOC, a "Personnel Action Request" from his time with Amtrak, and a handwritten account of his case; and 2) a "Statement of Facts and Documentation in Response to Defendant's Motion for Dismissal," appended to which are a number of documents, including a letter from Congressman Wayne Gilchrest to Barclay and a letter from EEOC District Director James Lee to Congressman Gilchrest. Thus, in the instant case, it is the *plaintiff* who seeks consideration of materials outside the pleadings, rather than, as is more typical, the defendant. The "primary problem raised by looking to documents outside the complaint-lack of notice to the plaintiff"-is therefore not implicated. *In re Rockefeller Center Properties, Inc. Securities Litigation*, 184 F.3d at 287. Any critical matter raised in plaintiff's accompanying documents could either be characterized as simply an argument that one might reasonably infer the critical matter from allegations in plaintiff's complaint; or, if it is impossible to make such an inference from the four corners of the complaint, as a matter for which plaintiff

should be granted leave to amend his complaint to cure any deficiency. *See Alston,* 363 F.3d at 235 ("We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.") Keeping in mind my responsibility to construe pro se complaints liberally, I have combined all of the factual and legal allegations contained within plaintiff's submissions so that, together, they constitute plaintiff's complaint for purposes of the motion to dismiss. *See, e.g., Thorpe v. Dohman,* No. Civ.A.04–CV–1099, 2004 WL 2397399, at *2 (E.D.Pa. Oct. 22, 2004); *Donhauser v. Goord,* 314 F.Supp.2d 119, 121 (N.D.N.Y.2004) ("[I]n cases where a *pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they are consistent with the allegations in the complaint.").

## III. Discussion

### A. ADA Claim

Defendant argues that plaintiff's ADA claim is barred because plaintiff failed to file an administrative charge of discrimination within 300 days of the last unlawful employment practice. 42 U.S.C. § 2000e–5(e). Plaintiff clearly indicates in his complaint that the last date of discrimination was July 25, 2000. (Pl.'s Complaint at 5.) Therefore, plaintiff was required to file an administrative charge by May 22, 2001. It is undisputed that plaintiff's formal charge of discrimination was filed with the EEOC on August 15, 2002. Therefore, defendant

argues that plaintiff failed to exhaust his administrative remedies in a timely fashion, thereby barring this claim.

However, plaintiff alleges that he filed an intake questionnaire on February 12, 2001.[1] Whether an intake questionnaire qualifies as a "charge" for purposes of 42 U.S.C. § 2000e–5(e)'s filing requirement is an open question in this circuit. However, "[t]here is a substantial body of case law among the district courts of this circuit and in the other circuits to support plaintiff's contention that a timely filed intake questionnaire either constitutes an official charge or tolls the 300–day limitations period." *Deily v. Waste Management of Allentown,* 118 F.Supp.2d 539, 543 (E.D.Pa. 2000) (and cases cited therein); *see also Zysk v. FFE Minerals USA, Inc.,* 225 F.Supp.2d 482, 489–90 (E.D.Pa.2001). Generally, as the Third Circuit explained in *Michelson v. Exxon Research and Engineering Co.,* 808 F.2d 1005, 1010 (3d Cir.1987), for a writing to constitute a charge, "notice to the EEOC must be of a kind that would convince a reasonable person that the grievant has manifested an intent to activate the Act's machinery." The writing must be sufficient "to allow the EEOC to investigate immediately [instead of] await further communication from the plaintiff before investigation." *Id.*

■ Defendant argues that the Third Circuit ruled in *Bailey v. United Airlines,* 279 F.3d 194, 199 n. 2 (3d Cir.2002), that an intake questionnaire could *never* be adequate to constitute a charge sufficient to toll the limitations period. I do not read *Bailey* to stand for such a broad proposi-

---

1. Plaintiff has also provided a copy of a letter from the EEOC that was forwarded to him by Congressman Valenti on July 9, 2001 indicating that his intake questionnaire would be sufficient to toll the statute of limitations. Such a letter might provide a basis for equita-

ble tolling had it arrived prior to the expiration of the 300–day filing period on May 22, 2001. As it arrived after the period, plaintiff cannot claim to have relied on it in delaying his formal charge.

tion. To the contrary, in that case, the court ruled that the plaintiff, by failing to raise the argument before the trial court, had waived his right to argue on appeal from summary judgment that his intake questionnaire constituted a charge sufficient to toll the limitations period. *Id.* The court further noted, in dicta, that the plaintiff's questionnaire *in that case* would have failed the test laid down in *Michelson,* described above. *Id.*

In the instant case, I do not have plaintiff's intake questionnaire before me. I cannot say that under no set of facts could such a questionnaire manifest an intent to activate the ADA's machinery. Therefore, plaintiff's ADA claim must survive the motion to dismiss.

### B. PHRA Claim

Plaintiff was required to file a charge with the Pennsylvania Human Relations Commission (PHRC) within 180 days of the last alleged act of discrimination. 43 Pa.C.S.A. § 959(g). Plaintiff alleges that he filed a PHRC charge, but claims that he has "not been able to establish the filing date." (Pl.'s Resp. Mot. Dismiss at 1). Defendant argues that the December 23, 2003 letter from the PHRC that plaintiff submitted unequivocally establishes that plaintiff's PHRC charge was filed in calendar year 2002 and therefore after the 180–day filing period, which expired on January 22, 2001. Defendant reasons that plaintiff's PHRC case number, which is listed on the letter as "Case No. 200204386," is the smoking gun which clearly indicates that plaintiff's charge was filed in 2002. I am unwilling to infer in the context of a 12(b)(6) motion that a case number beginning with the numbers 2–0–0–2 necessarily establishes that plaintiff did not file his claim until calendar year 2002.

■ However, defendant further argues that plaintiff's failure to allege that he filed his PHRC charge within the 180–day period is fatal to his claim because it is the plaintiff's burden to demonstrate compliance with administrative procedures. As the Third Circuit explained in the analogous Title VII context, "[t]he causes of action created by Title VII do not arise simply by virtue of the events of discrimination which that title prohibits. A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC (or a state conciliation agency) for conciliation or resolution." *Hornsby v. United States Postal Service,* 787 F.2d 87, 90 (3d Cir.1986); *see also Robinson v. Dalton,* 107 F.3d 1018, 1022 (3d Cir.1997). "For the purpose of testing the sufficiency of a pleading, averments of time and place are material." Fed. R.Civ.P. 9(f). Therefore, by failing to allege timely filing of his PHRC charge, plaintiff has failed to state a claim under the PHRA. I therefore dismiss plaintiff's PHRA claim with leave to amend in the event that plaintiff establishes a factual basis for asserting that his PHRC charge was filed before January 22, 2001.

### C. Rehabilitation Act, Defamation, and Invasion of Privacy Claims

■ The Rehabilitation Act is governed by a two-year statute of limitations, while common law invasion of privacy and defamation claims are governed by Pennsylvania's one-year statute of limitations. *Saylor v. Ridge,* 989 F.Supp. 680, 686 (E.D.Pa.1998) ("In this district, it has repeatedly been held that Pennsylvania's two year statute of limitations for personal injury claims governs claims under ... the Rehabilitation Act."); 42 Pa.C.S.A. § 5523. The face of plaintiff's complaint clearly establishes that the last act of discrimina-

tion for which plaintiff complains occurred on July 25, 2000. Plaintiff filed this action on April 24, 2003. Therefore, his Rehabilitation Act, invasion of privacy, and defamation claims are all barred by the relevant statutes of limitations and must be dismissed.

**AND NOW,** this 8th day of November 2004, upon consideration of defendant Amtrak's motion to dismiss (Docket # 4) and plaintiff's response, it is hereby **ORDERED** that the said motion is **GRANTED IN PART** and **DENIED IN PART,** as indicated in the preceding memorandum.