

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-1-2006

# Difrancesco v. Aramark Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2026

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Difrancesco v. Aramark Corp" (2006). *2006 Decisions.* Paper 1492.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1492

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2026

JOHN DIFRANCESCO,
                                        Appellant

v.

ARAMARK CORPORATION;
ARAMARK SERVICEMASTER;
ARAMARK MANAGEMENT SERVICES, LP;
LANKENAU HOSPITAL;
ARAMARK FOOD & SUP SVS AGENT FOR ARAMARK
HEALTHCARE SUPPORT SERVICES;
SERVICEMASTER MANAGEMENT SERVICES, LP.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil 04-CV-05647
District Judge:  The Honorable Marvin Katz

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2006

Before: BARRY and AMBRO, Circuit Judges, and DEBEVOISE,[*] District Judge

(Filed: March 1, 2006)

---

[*]The Honorable Dickinson R. Debevoise, Senior District Judge, United States District Court for the District of New Jersey, sitting by designation.

---

OPINION

---

BARRY, <u>Circuit Judge</u>

The District Court dismissed John DiFrancesco's employment discrimination case without prejudice because he failed to comply with its scheduling order. For the reasons stated herein, we will reverse.

John DiFrancesco was employed as a housekeeper and cleaner at Lankenau Hospital between November 2, 1987 and December 6, 2002. He suffers from a number of psychiatric and neurological disorders, including seizures, tics, mild mental retardation, and obsessive-compulsive disorder. He alleges that, while he was employed at Lankenau, one or more of the defendants were his employers and discriminated against him because of his disabilities, in violation of federal and Pennsylvania law.

On December 6, 2004, DiFrancesco filed suit against the defendants in the United States District Court for the Eastern District of Pennsylvania. His complaint alleged that the defendants had violated the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*, and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. §§ 951 *et seq*. On December 9, 2004, the District Court issued a scheduling order. The order set a pretrial conference for March 3, 2005, required the parties to exchange necessary trial documents by February 26, 2005, set the close of discovery for March 4, 2005, and scheduled the case

2

to be ready for trial on April 8, 2005. Most importantly for present purposes, it stated:

> 1.     <u>SERVICE</u>. **COUNSEL FOR PLAINTIFF SHALL SERVE A COPY OF THIS ORDER UPON COUNSEL FOR THE DEFENDANT AS SOON AS THE IDENTITY OF COUNSEL IS LEARNED**. Service of the Complaint shall be completed so as not to delay the implementation of this Order.

Notwithstanding this order, DiFrancesco did nothing until March 1, 2005, two days before the scheduled pretrial conference. On that day, his attorney faxed a letter to the District Court, explaining that he had not yet served the defendants with the complaint, that he anticipated amending the complaint to add an Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, claim within two weeks, and that he intended to serve the complaint once amended. He requested a continuance of the pretrial conference until late April, a request the District Court immediately denied "with leave to raise the issue at the pretrial conference."

Later that same day, DiFrancesco's attorney faxed a second letter to the District Court. This second letter "inform[ed] the Court of some factors I did not include previously:" that due to an office move and reorganization, he had failed to mark the conference in his calendar and had therefore committed himself to attend a conference in another case on the same day. He repeated his request for a continuance and offered, "[a]s a last resort," to have local counsel attend in his place. In reply, in a one-sentence order on March 2, 2005, the District Court dismissed DiFrancesco's complaint without prejudice "for plaintiff's failure to comply with the court's Order of December 9, 2004,

3

specifically [paragraph 1, quoted above]."

On March 16, 2005, DiFrancesco moved for reconsideration of the dismissal, to amend the complaint to add an ADA claim, and to extend for 45 days the time within which to serve the defendants. On March 17, 2005, the District Court, again in a one-sentence order, held that the motion had not been filed within ten days as required by its Local Rule 7.1(g) and, therefore, denied it as untimely. Later that day, DiFrancesco filed a second motion for reconsideration, in which he explained, correctly, that the first motion for reconsideration had in fact been filed within ten days, once intervening weekend days were taken into account. The next day, March 18, 2005, the District Court held in a third one-sentence order that "the Motion for reconsideration is **DENIED** because it is without merit. See the court's Order of March 2, 2005." On April 1, 2005, DiFrancesco filed a timely notice of appeal.[1]

We have jurisdiction over final orders of district courts under 28 U.S.C. § 1291. While a dismissal without prejudice would ordinarily not be final, it is final where the applicable statute of limitations would not permit the refiling of a claim. Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002). The parties do not dispute that DiFrancesco's Rehabilitation Act claim was subject to a two-year statute of limitations that ran out between the filing of his complaint and the dismissal. See also, e.g., Barclay

---

[1] DiFrancesco has since refiled his complaint in Pennsylvania state court. That suit was removed to federal court by the defendants and is currently pending before the same District Judge who presided over the case now before us.

v. AMTRAK, 343 F. Supp. 2d 429 (E.D. Pa. 2004) (borrowing Pennsylvania two-year statute of limitations for Rehabilitation Act claim). Therefore, we have jurisdiction to review the dismissal of DiFrancesco's Rehabilitation Act claim. We would review a district court's decision to dismiss *with* prejudice for abuse of discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir.2002). Where a dismissal *without* prejudice would not permit the refiling of a claim because the applicable statute of limitations has since run out, the same abuse of discretion standard of review governs. Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992); see also Umbenhauer v. Woog, 969 F.2d 25, 28-29 (3d Cir. 1992) (applying abuse of discretion review to dismissal without prejudice under an earlier version of Fed. R. Civ. P. 4(m)).

The District Court indicated that the dismissal was for failure to comply with its December 9, 2004 scheduling order. See Fed. R. Civ. P. 16(f), 41(b). In deciding whether such a dismissal is an abuse of discretion, we scrutinize the manner in which a district court weighed six factors:

> "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867 (3d Cir. 1984); see also Emerson, 296 F.3d at 184. A district court "must consider [the Poulis] factors before dismissing a complaint." Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984).

5

Indeed, we have held that dismissals based on the apparent default of counsel require the court not just to balance the Poulis factors but also to provide the litigant notice and a hearing. Dunbar v. Triangle Lumber & Supply Co., 816 F.2d 126, 129 (3d Cir. 1987). Even where the attorney's actions are "flagrant," a litigant's potentially meritorious claim is not to be dismissed in the absence of evidence that the litigant bears any personal responsibility. Id. Here, the District Court neither considered the Poulis factors nor provided DiFrancesco with the opportunity to respond to the threat of dismissal. That was an abuse of discretion.

We also believe that dismissing the complaint would have been an abuse of discretion even upon a proper consideration of the Poulis factors. With respect to the first factor, the extent of the litigant's personal responsibility, the delay was caused by DiFrancesco's attorney, not DiFrancesco himself. With respect to the second factor, the prejudice to the adversary caused by the delay, the defendants have not identified any prejudice they suffered as a result of DiFrancesco's delay. Defendants claim only that they should "not be forced to defend multiple complaints," but the multiplicity of suits is a consequence of the dismissal, not of the delay.[2] With respect to the third factor, the litigant's history of dilatory behavior, there is no evidence that DiFrancesco and his attorney have been the cause of any other delays. The defendants argue that

---

[2] On remand, we anticipate that this case and the case currently pending in the District Court will be consolidated, eliminating even this slight "prejudice."

DiFrancesco's decision to file on the last day within the limitations period and to take no further action until March is dilatory conduct. Except so far as doing so conflicted with the scheduling order, DiFrancesco had a right to wait, and exercise of that right was not improper delay.[3]

With respect to the fourth factor, whether the conduct was the result of bad faith, there is no evidence that the delay was willful or in bad faith. DiFrancesco's attorney offered an innocent, if somewhat weak, explanation for his failure to calendar the conference and to comply with the order. There has been no showing that the explanation offered was false or pretextual. With respect to the fifth factor, the effectiveness of alternative sanctions, the District Court had undisputed authority to impose other sanctions for failure to comply with its authority, but did not explain why only the harsh remedy of dismissal would suffice. With respect to the sixth factor, the meritoriousness of the claim, we consider a claim meritorious if its allegations are sufficient to state a claim. Scarborough, 747 F.2d at 875. The defendants do not contest the potential merit of DiFrancesco's claim.

As the District Court did not properly consider the Poulis factors and each of those

---

[3] Under Federal Rule of Civil Procedure 4(m), DiFrancesco had 120 days from the filing of the complaint to serve a copy of the complaint and summons on the defendants. The case was dismissed 86 days after the filing, well within that time. As far as the Rules are concerned, DiFrancesco was under no compulsion to initiate service earlier. See Henderson v. United States, 517 U.S. 654, 661, 663 (1996) ("Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow.")

factors weighs against dismissal, we will reverse the order dismissing DiFrancesco's complaint.