

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2007

# Orama v. Boyko

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1393

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Orama v. Boyko" (2007). *2007 Decisions.* Paper 623.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/623

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1393
_____

HECTOR ORAMA,
Appellant

vs.

CHRISTOPHER BOYKO

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-01526)
District Judge:  Honorable William J. Martini

_____

Submitted Under Third Circuit LAR 34.1(a)
August 1, 2007
Before:  FISHER, ALDISERT and WEIS,  Circuit Judges

(Filed  August 3, 2007)
_____

OPINION

_____

PER CURIAM.

Hector Orama appeals the order of the United States District Court for the

District of New Jersey dismissing his civil rights complaint.  We will affirm the District

Court's order.

1

In March 2005, Orama filed a complaint in the District Court, alleging that Morris County Police Officer Christopher Boyko violated his rights by causing him injury in the course of handcuffing him and testing him for driving under the influence. Orama also alleges that Boyko discriminated against him due to his race and disability. The defendant answered the complaint and the Magistrate Judge issued a scheduling order. On July 10, 2006, the Magistrate Judge held a conference with the parties to address deficiencies in discovery.

After the conference, the Magistrate Judge issued an order directing that Orama's pretrial submissions were due on September 8, 2006. Orama did not submit the materials, and on September 27, 2006, the Magistrate Judge issued an order to show cause why sanctions should not be imposed. In response, Orama submitted a letter asserting that the District Court had discriminated against him. Orama complained that Boyko was receiving "special privileges." Orama also claimed he was threatened with being put in jail "everytime [Boyko] wants to obtain information." Orama did not offer any additional explanation of these accusations. His letter also noted that "[i]f the Defendant is in such a rush to finish this case and is willing to pay for pain and suffering, I am willing to listen to a reasonable negotiation." He indicated that if Boyko did not engage in negotiation, he would continue to wait for a response from the various agencies and legal advocacy groups that he had contacted for assistance.

On October 10, 2006, the Magistrate Judge, by letter order, gave Orama "<u>one final opportunity</u> to meet his obligations as a litigant," and assigned a November 3, 2006, deadline for submission of the materials. The letter specified that if Orama failed to comply, the Magistrate Judge would recommend appropriate sanctions. When Orama again failed to comply, the Magistrate Judge recommended that the complaint be dismissed with prejudice, citing <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). On December 13, 2006, the District Court issued an order giving Orama "**one final opportunity** to show cause," and setting an oral argument date. Oral arguments were held, and on December 27, 2006, the District Court ordered Orama to produce all pretrial submissions by January 5, 2007. The order specified that the report and recommendation would remain under consideration pending Orama's compliance with the order. When Orama again failed to submit the materials, the District Court adopted the report and recommendation and dismissed the complaint with prejudice.

Orama now appeals.[1] He has also filed a motion requesting that the defendant produce the original video tape documenting his May 2003 arrest.

---

[1] Orama's notice of appeal cites the date of the report and recommendation. However, the document also refers to District Court Judge William J. Martini, and the judgment in favor of the defendant. Giving Orama the wide latitude afforded to pro se litigants, we construe his notice as appealing the District Court's final order entered January 22, 2007.

3

II.

We have jurisdiction under 28 U.S.C. § 1291, and review the District

Court's order of dismissal for abuse of discretion. See Mindek v. Rigatti, 964 F.2d 1369,

1373 (3d Cir. 1992).

Management of discovery is uniquely within the discretion of the trial

judge. See Fed. R. Civ. P. 16(a)-(b); In re Fine Paper Antitrust Litigation, 685 F.2d 810,

817 (3d Cir. 1982) ("matters of docket control and conduct of discovery are committed to

the sound discretion of the district court"). District courts may use sanctions to facilitate

pretrial proceedings and enforce pretrial orders. See Fed. R. Civ. P. 16(b); Mindek, 964

F.2d at 1373. In light of Orama's multiple failures to comply with the District Court's

calls for pretrial submissions, sanctions were warranted. The only remaining issue is

whether the District Court's abused its discretion by employing the "extreme sanction" of

dismissal with prejudice.

Dismissal with prejudice is only appropriate in limited circumstances;

doubts should be resolved in favor of reaching a decision on the merits. Emerson v. Thiel

College, 296 F.3d 184, 190 (3d Cir. 2002). Accordingly, before dismissing an action, a

district court is required to make explicit findings regarding the six factors enumerated in

our decision in Poulis. See United States v. $8,221,877.16 in U.S. Currency, 330 F.3d

141, 162 (3d Cir. 2003); Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

The Poulis factors to be weighed by the District Court are: (1) the extent of the party's

4

personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. See Poulis, 747 F.2d at 868.

The District Court did not abuse its discretion in concluding that Orama's failures to comply warranted dismissal with pprejudice. The report and recommendation set out findings with regard to each factor. The Magistrate Judge noted in Orama's favor that Orama did not have a history of non-compliance with court orders, and that the judge could not conclude from the pleadings alone that Orama did not have meritorious claims. The Court concluded, however, that this was outweighed by Orama's willful decision not to comply with past orders, and expressed intention not to comply with future orders, making it impossible to ready the matter for trial, and rendering alternative sanctions ineffective. See Mindek, 964 F.2d 1373 (not all Poulis factors need to be satisfied in order to dismiss a complaint). Although Orama's argument that Federal Rule of Civil Procedure 16(f) does not mandate dismissal is correct, repeated failure to comply with pretrial orders can be grounds for dismissal. See id. We cannot conclude that the District Court abused its discretion in finding dismissal warranted here.

Accordingly, we will affirm the judgment of the District Court. Appellant's motion to compel production of the videotape of his arrest is denied.

5