**UNLIMITED HOLDINGS, INC., Plaintiff**

**v.**

**BERTRAM YACHT, INC., FERETTI GROUP USA, INC., and CCP, INC., d/b/a COOK COMPOSITES POLYMERS, Defendants**

Civil No. 2005-46

District Court of the Virgin Islands

Division of St. Thomas and St. John

October 15, 2008

LEE J. ROHN, St. Croix, USVI, *For the Plaintiff.*

GREGORY H. HODGES, St. Thomas, USVI, *For the Plaintiff.*

JOHN H. BENHAM, III, St. Thomas, USVI, *For Defendants, Bertram Yacht Inc, Ferretti Group USA Inc., and Ferretti, S.p.A., Inc.*

KARIN A. BENTZ, St. Thomas, USVI, *For CCP, Inc. d/b/a Cook Composites & Polymers, Defendant.*

GÓMEZ, *Chief Judge*

## MEMORANDUM OPINION

(October 15, 2008)

Defendants Bertram Yacht, Inc. ("Bertram") and Ferretti Group USA, Inc. ("Ferretti USA") (together, the "Defendants") have filed objections to the Magistrate Judge's October 1, 2008, Order denying their motions for sanctions and for a protective order and granting the motion of the plaintiff Unlimited Holdings, Inc. ("Unlimited") to extend certain discovery deadlines. For the reasons stated below, the Court will vacate the October 1, 2008, Order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court has recited the facts of this matter in other rulings and therefore recites only those facts that are necessary to resolve these objections.

On June 26, 2008, the Court issued a Scheduling Order in which it required fact discovery to be completed no later than August 18, 2008 and expert witness depositions to take place no later than October 1, 2008. The Court also scheduled the trial of this matter for December, 2008.

On July 11, 2008, the Defendants noticed a Rule 30(b)(6)[1] deposition of a designated representative of Unlimited for August 15, 2008.

On August 14, 2008, Unlimited filed a motion to modify the Scheduling Order by extending the deadlines therein. Also on August 14, 2008, Unlimited filed a motion for a protective order, seeking relief from

---

[1] Rule 30(b)(6) provides:

In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. . . .

FED. R. CIV. P. 30(b)(6).

the deposition noticed for August 15, 2008. The Defendants filed an opposition to that motion.

On August 26, 2008, the Defendants moved the Court to impose sanctions on Unlimited for Unlimited's alleged failure to comply with the Scheduling Order by not attending the August 15, 2008, deposition. In their motion, the Defendants asserted that dismissal of Unlimited's claims was the appropriate sanction. Unlimited filed an opposition to the motion for sanctions, explaining that the expectations of the Scheduling Order are untenable and that the Defendants knew that Unlimited could not attend the August 15, 2008, deposition.

On September 4, 2008, the Magistrate Judge entered an Order, finding Unlimited's motion for a protective order moot. The next day, the Magistrate Judge vacated that Order and ordered that the deposition of Unlimited's representative would take place on September 20 or 21, 2008. On September 16, 2008, the Defendants noticed Unlimited's deposition for September 21, 2008.

On September 17, 2008, Unlimited filed a notice that it planned to take the depositions of Bertram and Ferretti for October 4, 2008 and October 3, 2008.

On September 24, 2008, the Magistrate Judge held a status conference with the parties and entered a Minute Order, indicating that the deposition of Unlimited's representative had been completed.

On September 26, 2008, the Defendants moved for a protective order with respect to the depositions noticed for October 3 and 4, 2008. The Defendants asserted that those dates exceeded the August 18, 2008, fact discovery deadline set forth in the Scheduling Order and that the deposition notices covered topics that exceeded the permissible scope of discovery.

On October 1, 2008, the Magistrate Judge entered an Order containing various rulings. That Order granted Unlimited's August 14, 2008, motion for an extension of time and allowed fact discovery and expert witness depositions to be completed no later than October 10, 2008. The Order further denied the Defendants' motions for sanctions insofar as that motion sought dismissal but allowed the Defendants reimbursement for reasonable attorneys' fees and costs incurred in connection with the deposition noticed for August 15, 2008, upon proper application. The Order also denied the motion for a protective order and required the

October 3, and 4, 2008, depositions to proceed, but granted the motion with respect to certain topics the Magistrate Judge considered privileged or otherwise not subject to discovery.

On October 2, 2008, the Defendants filed objections to the Magistrate Judge's October 1, 2008, Order. The Magistrate Judge stayed his Order pending the outcome of these objections.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to the order within 10 days after being served with a copy." FED. R. CIV. P. 72(a); *see also* LRCi 72.1(b)(3)(A) (1993). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

## III. ANALYSIS

The Defendants challenge three portions of the Magistrate Judge's Order.

### A. Sanctions

First, the Defendants object to the portion of the October 1, 2008, Order that relates to the denial of the Defendants' motion for sanctions.[2] They contend that the motion for sanctions constituted a dispositive motion, over which the Magistrate Judge had no jurisdiction. The Defendants also assert that, in considering the propriety of the sanction, the Magistrate Judge failed to consider the factors articulated by the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984).[3]

The Defendants' "Motion for Sanctions" sought relief pursuant to Federal Rule of Civil Procedure 16(f), which governs sanctions for

---

[2] The Defendants do not challenge the portion of the October 1, 2008, Order that granted their motion and ordered Unlimited to reimburse the Defendants for reasonable attorneys' fees incurred in connection with the scheduled August 15, 2008, deposition, upon appropriate application.

[3] The Defendants' contention that the Magistrate Judge erred because he did not consider the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) is without merit. Those factors are meant to guide an appellate court "to determine whether the trial court has abused its discretion in dismissing, or refusing to lift a default . . . ." *Id.* at 868. *Poulis* cannot be read to require a district court to consider those factors when *denying* a motion to dismiss.

discovery violations. Specifically, the Defendants requested that the Court dismiss all of Unlimited's claims against them as a sanction for the alleged discovery violation.

■ A magistrate judge may hear and determine most nondispositive matters pending before the court. *See* 28 U.S.C. § 636(b)(1)(A)[4]; FED. R. CIV. P. 72(a); LRCI 72.1. For dispositive pretrial and post-trial matters, "the magistrate is authorized only to hold an evidentiary hearing on the matter, . . . propose . . . findings of fact and to recommend a disposition of the matter[,] . . . subject to *de novo* review by the district court." *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 854-55 (5th Cir. 1991) (referring to the dispositive matters described in Section 636(b)(1)(B)). Additionally, "if the parties consent, under [Section] 636(c) a magistrate may conduct any and all proceedings in any civil matter referred to it by the district court, including trial, and enter judgment for the court." *Id.*

■ Absent consent by all parties, dispositive matters may only be resolved by a district judge. *See* 28 U.S.C. § 636(c)(1); *Nat'l Labor Relations Bd. v. Frazier*, 966 F.2d 812, 816 n. 2 (3d Cir. 1992) (explaining that a magistrate judge may not resolve dispositive matters unless all parties to the litigation consent). A dismissal of a plaintiff's claims under any rule or doctrine — including as a sanction for violation of a scheduling order — is essentially a ruling on a dispositive motion. *See* 28 U.S.C. § 636(b)(1)(A) (explaining that a motion "to involuntarily dismiss an action" is a dispositive matter, upon which a magistrate judge lacks the authority to rule); *see also In re U.S. West, Inc. Securities Litigation*, 65 Fed. Appx. 856, 860 (3d Cir. May 30, 2003) (unpublished) ("A motion to dismiss is a dispositive motion . . . .").

■ The record in this case reveals no evidence of the parties' written consent to the Magistrate Judge's authority to rule on a document

---

[4] The relevant portion of the statute provides:

Notwithstanding any provision of law to the contrary — (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, . . . to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

captioned as a motion for sanctions, but which functioned as a motion to dismiss. Nor does the record reflect a referral of that motion for sanctions by the District Judge to the Magistrate Judge.[5] The Magistrate Judge therefore lacked jurisdiction to rule on the Defendants' motion for sanctions. *See, e.g., Aldrich v. Bowen*, 130 F.3d 1364, 1365 (9th Cir. 1997) ("The Magistrate Judge had no jurisdiction to hear the case because the record contains no written consent of the parties as required by 28 U.S.C. § 636(c)(1) and FED. R. CIV. P. 73 (b)."); *Parks By and Through Parks v. Collins*, 761 F.2d 1101, 1106 (5th Cir 1985) ("[T]he magistrate did not have authority . . . to grant [dispositive relief] for two reasons. First, . . . is the lack of any order of reference from the district judge. . . . Second, . . . we find no indication that the parties to the garnishment action consented to have the magistrate rule on the 60(b) motions.").

Accordingly, the Court will vacate the portion of the October 1, 2008, order denying the Defendants' motion to dismiss Because the Defendants' motion is therefore effectively revived, the Court will conduct a *de novo* review of that motion. *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995-97 (10th Cir. 2000) (holding that, because all parties failed to consent to the magistrate judge's authority to enter a dispositive order, the district court was required to conduct a *de novo* review of the determination of the basis for such order); *Collins*, 761 F.2d at 1107 ("Should the district court conclude no such authority existed, it would then be proper for it to vacate the magistrate's order and proceed to decide the motions anew.").

A party may move the Court to impose sanctions for violations of pretrial scheduling orders, pursuant to Rule 16(f):

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate — or does not participate in good faith — in the conference; or
> (C) fails to obey a scheduling or other pretrial order.

---

[5] Indeed, even if there was a referral by the district judge, the record does not reflect the acceptance of a report and recommendation on the motion to set aside.

FED. R. CIV. P. 16(f)(1). "Although a finding of bad faith is generally required for a court to impose sanctions pursuant to its inherent authority, no express requirement of intent or negligence exists in the language of Rule 16(f)." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007).

■ Courts may impose a wide range of sanctions under Rule 16(f), including, "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Indeed, the United States Court of Appeals for the Third Circuit has recognized "the very broad discretion which district courts have to use sanctions where necessary to ensure compliance with pretrial orders . . . ." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007) (quotation omitted); *see also Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) ("This flexibility is necessary because the circumstances attendant to noncompliance are apt to differ widely. In the last analysis, then, the choice of an appropriate sanction must be handled on a case-by-case basis.").

■ The sanction of dismissal with prejudice, as the Defendants have requested, "is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (noting this principle in the context of a dismissal under Federal Rule of Civil Procedure 41(b) for failure to comply with court orders); *see also Tower Ventures, Inc.*, 296 F.3d at 46 (explaining that "dismissal with prejudice. . . . is strong medicine, not casually to be dispensed" as a sanction for violating case management orders under Rule 16(f)). Nonetheless, "a court may, in appropriate circumstances, dismiss a case with prejudice for violation of a judicial order without consideration of lesser sanctions." *Tower Ventures, Inc.*, 296 F.3d at 46 (explaining that "disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)"); *see also Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988) ("The court clearly has the power to dismiss the case as a sanction against a party who fails to obey an order regarding discovery.").

Here, the Defendants argue that Unlimited's claims against them should be dismissed with prejudice as a sanction for Unlimited's alleged failure to obey the discovery deadlines set forth in the Court's June 26, 2008, Scheduling Order. They contend that Unlimited violated the

Scheduling Order by refusing to cooperate with the Defendants in conducting a Rule 30(b)(6) deposition before the expiration of the August 18, 2008, fact discovery deadline.

A review of the record in this matter shows that the parties were unable to agree upon a date within the fact discovery period on which to schedule the Rule 30(b)(6) deposition of Unlimited. On July 31, 2008, the Defendants filed a notice unilaterally scheduling the Rule 30(b)(6) deposition for August 15, 2008. On August 5, 2008, Unlimited notified the Defendants that its Rule 30(b)(6) designee would be unavailable to conduct the deposition on August 15, 2008. Unlimited further indicated that its attorney "simply d[id] not have availability to present this witness before the close of discovery." (Email of Ryan W. Greene, Esq. to Paul B. Feltman, Esq., Aug. 5, 2008, Ex. # 10 to Defendants' Mot. for Sanctions.) On August 14, 2008, Unlimited filed an emergency motion for a protective order. The motion stated that Unlimited would be unable to conduct the Rule 30(b)(6) deposition on August 15, 2008, and that it would generally be unable to comply with the discovery deadlines imposed by the Scheduling Order. Unlimited's Rule 30(b)(6) designee was not present at the August 15, 2008, deposition. Ultimately, the parties failed to conduct the Rule 30(b)(6) deposition before the expiration of the August 18, 2008, deadline.

The Court is troubled by Unlimited's approach. In the absence of a protective order, Unlimited was obligated to attend the deposition on August 15, 2008. *See Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) ("The court's inaction on appellant's motion [for a protective order] did not relieve him of the duty to appear for his deposition."); *Hare v. Gov't. Employees Ins. Co.*, 132 F.R.D. 448, 450 (E.D. Tex. 1990) ("A deponent who realizes he cannot appear at a scheduled deposition bears the burden under Rule 30 of the Federal Rules to get an order postponing the deposition. In the absence of such an order, the duty to appear remains.").

Unlimited apparently takes the view that it may conduct discovery in this matter at its own pace, without regard to the deadlines imposed by the Scheduling Order. That view ignores the Court's independent interest in administering its docket. *See United States v. Wecht*, 484 F.3d 194, 217 (3d Cir. 2007) ("It is important to note that district courts have wide discretion in the management of their cases."); *Yakowicz v. Pennsylvania*, 683 F.2d 778, 784 (3d Cir. 1982) (referring to the "broad powers with

respect to timing and other considerations that [the district court] has generally in the management of the cases before it as they proceed through the various stages before and during trial"); *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 751 (3d Cir. 1982) ("[B]road discretion should be accorded district courts in the management of their calendars."). Indeed, the Court's broad discretion to issue sanctions for violations of scheduling orders serves to "facilitate[] the expeditious and sound management of the preparation of cases for trial." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007).

While Unlimited's approach is of concern to the Court, this case does not involve the sort of extreme circumstances or willful violations of court orders that warrant the sanction of dismissal with prejudice. *See, e.g., DiFrancesco v. Aramark Corp.*, 169 Fed. Appx. 127, 131 (3d Cir. March 1, 2006) (holding that dismissal was not warranted as sanction for the plaintiff's failure to comply with scheduling order where there was no showing that the plaintiff caused any other delays, and the delay was not willful or the result of bad faith) (unpublished); *John v. State of La.*, 828 F.2d 1129, 1131-33 (5th Cir. 1987) (finding that dismissal with prejudice was an inappropriate sanction for the plaintiff's tardy response to a discovery request, late submission of pretrial order, and failure to make timely filings); *Cf. Orama v. Boyko*, 243 Fed. Appx. 741, 743 (3d Cir. Aug. 3, 2007) (affirming the dismissal of an action with prejudice as an appropriate sanction in light of the plaintiff's "willful decision not to comply with past orders, and expressed intention not to comply with future orders, making it impossible to ready the matter for trial, and rendering alternative sanctions ineffective") (unpublished); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) (holding that dismissal with prejudice was warranted as a sanction for the plaintiff's violation of the court's scheduling orders, even if the defendants were not prejudiced by noncompliance, because the plaintiff repeatedly missed court-imposed deadlines without sufficient explanation).

Accordingly, the Defendants motion for the sanction of dismissal will be denied.

### B. Modification of the June 26, 2008, Scheduling Order

The Defendants next object to the portion of the Magistrate Judge's Order granting Unlimited's motion to extend the deadlines for fact

discovery and expert witness depositions beyond the deadlines previously imposed by the Scheduling Order. They claim that the Order runs afoul of Federal Rule of Civil Procedure 16(b)(4).

 Pursuant to Rule 16(b)(4), "[a] schedul[ing order] may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The rationale for the "good cause" requirement for modification of a court's scheduling order is that "scheduling orders are at the heart of case management. If they can be disregarded without a specific showing of good cause, their utility will be severely impaired." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3d Cir. 1986); *see also Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir. 1988) ("[Such orders and their enforcement are regarded as the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner. The control of these schedules is deliberately reposed in the court, and not in counsel, so that this end may be achieved.") *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989).

 While the Magistrate Judge's Order granted Unlimited's request to modify certain discovery deadlines imposed by the Scheduling Order, there is no record of whether the Magistrate Judge properly applied the "good cause" standard in modifying the Scheduling Order, as required by Rule 16(b). *See, e.g., Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (holding that the district court erred by failing to apply Rule 16(b)'s "good cause" standard when ruling upon a motion to modify a scheduling order)). Accordingly, the Court will vacate the portion of the October 1, 2008, Order granting Unlimited's motion to extend the deadlines for factual discovery and expert witness depositions.

The Court will conduct a *de novo* review of the motion to determine whether "good cause" exists to modify the Scheduling Order. *See, e.g., Sherman*, 532 F.3d at 716 (reviewing *de novo* whether "good cause" existed to modify a scheduling order after finding that such inquiry was not undertaken in the court below); *Lo Bosco v. Kure Engineering Ltd.*, 891 F. Supp. 1035, 1037 (D.N.J. 1995) (explaining that a district court's review of magistrate's disposition of non-dispositive issue is plenary as to matters of law).

 To establish "good cause" under Rule 16(b)(4), "the moving party must demonstrate that a more diligent pursuit of discovery was impossible. In addition, courts consider whether granting the extension would prejudice the non-moving party." *Crossley v. Elliot*, 2008 U.S.

Dist. LEXIS 56441, *2 (D.V.I. 2008) (internal quotation omitted). "Within a specific case, what constitutes good cause [under Rule 16(b)(4)] changes as the litigation progresses." *In re Tutu Water Wells Contamination Litigation,* 1995 WL 841940 at *1 (D.V.I. Nov. 22, 1995) (unpublished).

In support of its motion to extend the discovery deadlines, Unlimited asserts that the pretrial discovery schedule imposed by the Court is unreasonable. Unlimited claims that defendant Camm s.r.l. ("Camm") (which must be served pursuant to the Hague Convention and International Law) has not yet been served, although the process of serving Camm was started in January, 2008. Unlimited further states that it waited until July 16, 2008, when this Court ruled upon the Defendants' motion to strike Unlimited's second amended complaint, before it began conducting discovery on new issues. Finally, Unlimited contends that it still needs to conduct between fifteen and twenty depositions in this matter. Unlimited states that its attorney "has been unavailable within the current fact discovery deadline to depose Bertram's representative as well as a number of fact witnesses and others that will need to be deposed to ready this matter for trial." (Opp'n to Mot. to Extend Discovery Deadlines 3-4.) Unlimited proposes a modified scheduling order, which would provide, *inter alia*: a November 15, 2008, deadline for completing fact discovery; a March 15, 2009, deadline for completing expert depositions; and a November 15, 2009, deadline for filing dispositive motions.

The Court is unpersuaded by Unlimited's contentions. While Unlimited complains that Camm has not yet been served, it does not explain why it failed to initiate the process of service on Camm until January, 2008, in light of the fact that Camm was added as a defendant on August 7, 2007. Additionally, though Unlimited elected to wait to conduct discovery of new matters until the Court ruled on the Defendants' motion to strike the second amended complaint, discovery in this matter was not stayed during the pendency of that motion. Finally, despite Unlimited's repeated assertions that it is unable to conduct the depositions it requires for trial within the deadline to do so, it offer no explanation for delaying those depositions until this late date. Indeed, the depositions that remain to be taken include the 30(b)(6) depositions of the Defendants, who have been named in this matter since its inception over three years ago.

After reviewing the record *de novo,* the Court finds that Unlimited has failed to demonstrate that a more diligent pursuit of discovery in this

matter would have been impossible. The Court further finds that the extensions sought by Unlimited would prejudice the Defendants' efforts to adjudicate this matter in an orderly and prompt manner. The extensions would also disrupt, without any "good cause," the semblance of order that the Court sought to establish with its Scheduling Order.

Indeed, Unlimited's cavalier attitude toward its discovery obligations with respect to depositions does not help its cause. Rather, it suggests that Unlimited subscribes to the belief that this Court's orders are mere suggestions. Such a view assigns to this Court the role of waiting for the unilateral scheduling decree of a party — here, Unlimited. The Court finds no legal support for that arrangement.

In sum, Unlimited has failed to establish "good cause" for extending the deadlines imposed by this Court's June 26, 2008, Scheduling Order. *See, e.g., Eichorn v. AT&T Corp.*, 484 F.3d 644 (3d Cir. 2007) (affirming the district court's finding that "good cause" did not support modification of a scheduling order); *Eastern Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330 (3d Cir. 2000) (holding that the district court did not abuse its discretion in concluding that the plaintiff failed to show "good cause" to modify a scheduling order under Rule 16(b)(4)); *Crossley v. Elliot*, 2008 U.S. Dist. LEXIS 56441 at *2 (D.V.I. 2008) (denying the plaintiff's motion to extend discovery deadlines because the plaintiff failed to explain why "there has been no discovery propounded to Defendants, no depositions conducted, and no request for an extension of time, within the five month period between the Scheduling Order and discovery deadline").

Accordingly, the Court will deny Unlimited's motion to modify the June 26, 2008, Scheduling Order.

## IV. CONCLUSION

For the foregoing reasons, the Court will vacate the Magistrate Judge's October 1, 2008, Order. Based on its own *de novo* review of the matter, the Court will deny the Defendants' motion for sanctions. The Court will also deny Unlimited's motion to extend the deadlines imposed by the June 26, 2008, Scheduling Order.[6] An appropriate Order follows.

---

[6] In light of the Court's denial of Unlimited's motion to modify the June 26, 2008, Scheduling Order, the Court finds it unnecessary to address the Defendants' motion for a protective order as to depositions that fall outside the fact discovery deadline set by that Scheduling Order.